IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| IHC HEALTH SERVICES, INC. dba MCKAY DEE HOSPITAL,<br><br>                      Plaintiff,<br>v.<br><br>ESKATON PROPERTIES, INC.,<br><br>                      Defendant. | **MEMORANDUM DECISION AND ORDER ON [14] MOTION TO DISMISS OR TO TRANSFER VENUE**<br><br>Case No. 2:16-CV-3-DN<br><br>District Judge David Nuffer |

Plaintiff IHC Health Services, Inc. dba McKay Dee Hospital ("IHC") brought suit against Defendant Eskaton Properties, Inc. ("Eskaton") under the Employee Retirement Income Security Act of 1974 ("ERISA") seeking to recover expenses incurred in the medical treatment and care of Candace Simplot ("Ms. Simplot") at McKay Dee Hospital in Ogden, Utah from December 27, 2012, to January 2, 2013.[1] Eskaton seeks dismissal of IHC's Complaint for lack of standing and improper venue.[2] Alternatively, Eskaton requests that venue be transferred to the Eastern District of California as a more convenient forum.[3] Because IHC alleges sufficient facts regarding its standing and as the District of Utah is a proper venue for this case, dismissal of IHC's Complaint is not appropriate. However, because the Eastern District of California is a more convenient forum, Eskaton's Motion[4] is GRANTED on its alternative relief of transferring venue.

---

[1] Complaint, docket no. 2, filed Jan. 4, 2016.

[2] Defendant Eskaton Properties, Inc.'s Motion and Memorandum to Dismiss the Complaint, or in the Alternative, Transfer Venue ("Eskaton's Motion"), docket no. 14, filed Apr. 28, 2016.

[3] *Id*.

[4] *Id*.

BACKGROUND .................................................................................................................... 2
DISCUSSION ....................................................................................................................... 3
      I.     IHC's Complaint contains sufficient allegations to avoid dismissal for lack of
           standing at this time. ...................................................................................... 3
      II.    The District of Utah is a proper venue for this case. ............................................ 6
           A.     Venue in the District of Utah is not proper under the first prong of
                 ERISA's venue provision. ................................................................... 7
           B.     Venue in the District of Utah is not proper under the second prong of
                 ERISA's venue provision. ................................................................... 8
           C.     Venue in the District of Utah is proper under the third prong of ERISA's
                 venue provision. ................................................................................ 9
      III.   The Eastern District of California is a more convenient forum for this case. ...... 14
ORDER ............................................................................................................................... 19

## BACKGROUND

Eskaton is a California non-profit corporation that operates senior living facilities in the Greater Sacramento Area.[5] Eskaton operates solely in Northern California.[6] Eskaton is the sponsor and administrator of the Eskaton Health Plan (the "Plan"),[7] which is insured by Anthem BlueCross Life and Health Insurance Company ("Anthem").[8] Eskaton controls and manages the operation and administration of the Plan, including decisions to not fully approve or reimburse claims, from its headquarters in Carmichael, California.[9]

IHC is a Utah corporation that operates several hospitals in the Intermountain Area, including McKay Dee Hospital in Ogden, Utah.[10] Ms. Simplot, who is not a party to this action, is a resident of California and a participant in the Plan.[11]

---

[5] Declaration of Bill Pace in Support of Defendant Eskaton Properties, Inc.'s Motion to Dismiss the Complaint, or in the Alternative, Transfer Venue ("Pace Declaration") ¶ 2, docket no. 14-1, filed Apr. 28, 2016.

[6] *Id*. ¶¶ 3-4.

[7] *Id*. ¶ 5.

[8] Complaint ¶ 8.

[9] Pace Declaration ¶¶ 6-7.

[10] Complaint ¶ 1; Plaintiff's Opposition to Defendant's Motion to Dismiss ("IHC's Opposition") at 6, docket no. 15, filed May 26, 2016.

[11] Complaint ¶¶ 3, 13.

From December 27, 2012, to January 2, 2013, Ms. Simplot received medical treatment and care at McKay Dee Hospital for which IHC billed $164,888.28.[12] IHC submitted a claim for the services rendered to Ms. Simplot to Eskaton for payment.[13] Eskaton paid $72,713.07 to IHC on the claim, but denied the remaining balance.[14]

On January 4, 2016, IHC brought suit under ERISA against Eskaton and Anthem alleging three causes of action: (1) Recovery of Plan Benefits; (2) Breach of Fiduciary Duties; and (3) Failure to Produce Plan Documents.[15] Subsequently, on April 6, 2016, IHC voluntarily dismissed Anthem.[16] On April 28, 2016, Eskaton filed a motion seeking dismissal of IHC's Complaint for lack of standing and improper venue, or alternatively, requesting that venue be transferred to the Eastern District of California as a more convenient forum.[17]

## DISCUSSION

### I. IHC's Complaint contains sufficient allegations to avoid dismissal for lack of standing at this time.

Eskaton raises a facial challenge to IHC's Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing that IHC failed to allege sufficient facts to establish its standing to bring suit under ERISA.[18] "[A] facial attack on the complaint's allegations as to subject matter jurisdiction questions the sufficiency of the complaint."[19] "In

---

[12] *Id*. ¶¶ 14, 18.

[13] *Id*. ¶ 19.

[14] *Id*. ¶ 20.

[15] *Id*. ¶¶ 35-58.

[16] Notice of voluntary Dismissal *Without Prejudice* of Defendant Anthem BlueCross Life and Health Insurance Company, docket no. 8, filed Apr. 6, 2016.

[17] Eskaton's Motion.

[18] *Id*. at 1-2.

[19] *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995).

reviewing a facial attack on the complaint, a district court must accept the allegations in the complaint as true."[20]

ERISA's standing provision[21] provides that "[o]nly a 'participant or beneficiary' may bring a civil action 'to enforce his [or her] rights under the terms of the plan, or to clarify his [or her] rights to future benefits under the terms of the plan.'"[22] "Healthcare providers generally are not considered beneficiaries or participants under ERISA and thus lack standing to sue unless they have a written assignment of claims from a patient with standing to sue under ERISA."[23] Therefore, an assignee "stands in [the] shoes [of the participant or beneficiary] and, if the assignment is valid, has standing to assert whatever rights [the participant or beneficiary] possessed."[24]

IHC's Complaint alleges the following facts germane to the issue of its standing to bring suit under ERISA:

- "Eskaton sponsored [and administered] an employee welfare benefit plan for its employees[.]"[25]
- "The Plan was established and operated under [ERISA]."[26]
- "[Ms.] Simplot was a participant in [and beneficiary of] the Plan."[27]
- "[IHC] provided medial services to [Ms. Simplot] from December 27, 2012, to January 02, 2013[.]"[28]

---

[20] *Id*.

[21] 29 U.S.C. § 1132(a).

[22] *Denver Health and Hosp. Auth. v. Beverage Distribs. Co., LLC*, 546 Fed.Appx. 742, 745 (10th Cir. 2013) (quoting 29 U.S.C. § 1132(a)(1)).

[23] *Id*. (internal quotations and punctuation omitted).

[24] *Id*. (internal quotations and punctuation omitted).

[25] Complaint ¶¶ 7, 12.

[26] *Id*. ¶ 9.

[27] *Id*. ¶¶ 2, 13.

[28] *Id*. ¶ 14.

- "The billed charges for the treatment rendered to [Ms. Simplot by IHC] were $164,888.28."[29]

- "[IHC] submitted a claim to [Eskaton] in a timely manner for [Ms. Simplot's] treatment."[30]

- "[Eskaton] paid $72,713.07 (approximately 44% of Billed Charges) to [IHC] for this claim[,]" but "partially denied the balance of this claim based on an internal determination[.]"[31]

- "[IHC] has been an authorized agent of [Ms. Simplot], the claim beneficiary, throughout all appeals of the claims involved in this matter."[32]

- "This is an action brought under ERISA."[33]

Viewing the allegations of IHC's Complaint as true and affording all reasonable inferences in favor of IHC,[34] sufficient facts are alleged to avoid dismissal for lack of standing at this time despite IHC's failure to expressly allege the existence of a written assignment regarding Ms. Simplot's claims. This case is brought under ERISA.[35] Ms. Simplot, as a participant in and beneficiary of the Plan,[36] had standing to bring suit against Eskaton under ERISA.[37] IHC was Ms. Simplot's healthcare provider and her authorized agent for purposes of the claims involved in this case.[38] Given the nature of the case and that healthcare providers do not directly have standing to sue under ERISA,[39] it is reasonable to infer that IHC received a written assignment of Ms. Simplot's claims by virtue of the Complaint's allegation that IHC is Ms. Simplot's

---

[29] *Id.* ¶ 18.

[30] *Id.* ¶ 19.

[31] *Id.* ¶¶ 20-21.

[32] *Id.* ¶ 2.

[33] *Id.* ¶ 15.

[34] *Holt*, 46 F.3d at 1002.

[35] Complaint ¶ 15.

[36] *Id.* ¶¶ 2, 13.

[37] 29 U.S.C. § 1132(a)(1); *Denver Health and Hosp. Auth.*, 546 Fed.Appx. at 745.

[38] Complaint ¶¶ 2, 14.

[39] *Denver Health and Hosp. Auth.*, 546 Fed.Appx. at 745.

authorized agent for purposes of the claims involved in this case.[40] Therefore, IHC would stand in Ms. Simplot's shoes and have standing to assert whatever rights that Ms. Simplot possessed against Eskaton.[41]

While it is uncertain whether a valid assignment of Ms. Simplot's claims actually exists, the standard of review for Eskaton's facial challenge to IHC's Complaint precludes dismissal at this time.[42] Eskaton may, however, choose to reassert its attack on IHC's standing to sue under ERISA on summary judgment where the record is more fully developed and matters outside the pleadings are considered.[43]

## II. The District of Utah is a proper venue for this case.

Eskaton next seeks dismissal of IHC's Complaint pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure, arguing that the District of Utah is an improper venue.[44] Under Tenth Circuit precedent:

> 'Practice on a motion under rule 12(b)(3) is relatively straight-forward. All well-pleaded allegations in the complaint bearing on the venue question generally are taken as true, unless contradicted by the defendant's affidavits. A district court may examine facts outside the complaint to determine whether its venue is proper. And, as is consistent with practice in other contexts, such as construing the complaint, the court must draw all reasonable inferences and resolve all factual conflicts in favor of the plaintiff.'[45]

"If the defendant presents evidence that venue is improper and the plaintiff responds with contrary evidence, it may be appropriate for the district court to hold a [R]ule 12(b)(3) motion in

---

[40] Complaint ¶ 2.

[41] *Denver Health and Hosp. Auth.*, 546 Fed.Appx. at 745.

[42] *Holt*, 46 F.3d at 1002.

[43] *Medicomp, Inc. v. United Healthcare Ins. Co.*, 562 Fed.Appx. 754, 758 (11th Cir. 2014).

[44] Eskaton's Motion at 2-5.

[45] *Hancock v. American Tel. and Tel. Co., Inc.*, 701 F.3d 1248, 1260-61 (10th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1352, at 324 (2004)).

abeyance until the district court holds an evidentiary hearing on the disputed facts."[46] "Alternatively, the district court may deny the Rule 12(b)(3) motion while granting leave to refile it if further development of the record eliminates any genuine factual issue."[47]

ERISA's venue provision provides that any action "may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]"[48] IHC's Complaint alleges that venue is proper in the District of Utah "because the communications during the administrative appeal process took place between [IHC] and [Eskaton] in the State of Utah, and the breaches of ERISA and the Plan occurred in the State of Utah."[49] The Complaint further alleges that venue is proper in the District of Utah "based on ERISA's nationwide service of process provision[.]"[50] Eskaton, on the other hand, argues that the Complaint fails to "set forth facts that show that either the Plan was administered in Utah or that Eskaton resides in or can be found in Utah[.]"[51] Eskaton further argues that any breach of ERISA and the Plan necessarily occurred in California, where Ms. Simplot resides and where its decisions regarding payments on claims under the Plan are made.[52]

### A. Venue in the District of Utah is not proper under the first prong of ERISA's venue provision.

The first prong of ERISA's venue provision allows suit to be brought "where the plan is administered,"[53] which is determined by analyzing "where the plan is managed[.]"[54] There is no

---

[46] *Id*. at 1261 (internal quotations omitted).

[47] *Id*. (internal quotations omitted).

[48] 29 U.S.C. § 1132(e)(2).

[49] Complaint ¶ 15.

[50] *Id*.

[51] Eskaton's Motion at 3.

[52] *Id*. at 4-5.

[53] 29 U.S.C. § 1132(e)(2).

evidence that Eskaton's Plan is managed or administered anywhere except California.[55] California is where Eskaton controls and manages the operation and administration of the Plan, including decisions to not fully approve or reimburse claims.[56] Therefore, proper venue cannot be found in the District of Utah under the first prong of ERISA's venue provision.[57]

### B. Venue in the District of Utah is not proper under the second prong of ERISA's venue provision.

The second prong of ERISA's venue provision allows suit to be brought "where the breach took place."[58] "Several cases establish that, under ERISA, the duty is owed to the plan participant and any breach of duty owed under the plan, occurs at the place where the plan participant resides."[59] "The place is the location where the payment is to be made, even though the services may have been provided at an out-of-state location."[60] "The breach of an ERISA plan occurs at the place the policy holder resides and would have received benefits."[61]

Because Ms. Simplot, not IHC, is the participant and beneficiary of the Plan,[62] and because Ms. Simplot resides in California,[63] the alleged breaches of ERISA and the Plan occurred in California.[64] The fact that Ms. Simplot received treatment in Utah[65] and that IHC is

---

[54] *Palka v. Theodore M. Hylwa, M.D., Inc.*, 1986 WL 22380, *1 (D. Kan. Sept. 3, 1986) (citing *Sprinzen v. Supreme Court of the State of New Jersey*, 478 F.Supp. 722 (S.D. N.Y. 1979); *Bostic v. Ohio River Co. (Ohio Div.) Basic Pension Plan*, 517 F.Supp. 627 (S.D. W.Va. 1981)).

[55] Pace Declaration ¶¶ 6-7.

[56] *Id*.

[57] 29 U.S.C. § 1132(e)(2).

[58] *Id*.

[59] *Island View Residential Treatment Ctr. v. Kaiser Permanente*, 2009 WL 2614682, *2 (D. Utah Aug. 21, 2009).

[60] *Id.* (citing *Barnum v. Mosca*, 2009 WL 982579 (N.D. N.Y. Apr. 13, 2009); *Jon N. v. Blue Cross Blue Shield of Massachusetts*, 2008 U.S. Dist. LEXIS 35464 (D. Utah Apr. 29, 2008); *Brown Schools, Inc. v. Florida Power Corp.*, 806 F.Supp. 146, 151 (W.D. Tex. 1992)).

[61] *Id*.

[62] Complaint ¶¶ 2, 13.

[63] *Id*. ¶ 3.

[64] *Island View Residential Treatment Ctr.*, 2009 WL 2614682, *2.

her authorized agent[66] is of no consequence because IHC stands in Ms. Simplot's shoes.[67] Therefore, proper venue cannot be found in the District of Utah under the second prong of ERISA's venue provision.[68]

### C. Venue in the District of Utah is proper under the third prong of ERISA's venue provision.

The third prong of ERISA's venue provision allows suit to be brought "where a defendant resides or may be found."[69] "[C]ourts have followed the broad application of the antitrust and copyright venue provisions where a defendant is deemed to ['reside' or] be 'found' in any district in which personal jurisdiction could be obtained over it."[70] "Before a federal court can assert personal jurisdiction over a defendant in a federal question case, the court must determine (1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction comports with due process."[71]

### (1) ERISA confers jurisdiction over Eskaton by authorizing nationwide service of process.

"To determine whether the applicable statute potentially confers jurisdiction over defendants by authorizing service of process, [the analysis] begin[s] with [Rule] 4(h)(1)" of the Federal Rules of Civil Procedure, which "governs service upon domestic corporations."[72] Rule

---

[65] Complaint ¶¶ 1, 14.

[66] *Id*. ¶ 2.

[67] *Denver Health and Hosp. Auth.*, 546 Fed.Appx. at 745.

[68] 29 U.S.C. § 1132(e)(2).

[69] *Id*.

[70] *Palka*, 1986 WL 22380, *2 (citing *Varsic v. United States Dist. Court for Cent. Dist. of California*, 607 F.2d 245, 248 (9th Cir. 1979); *I.A.M. Nat'l Pension Fund v. Wakefield Indus., Inc.*, 699 F.2d 1254, 1257 (D.C. Cir. 1983)); *see also Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1210 n. 3 (10th Cir. 2000); *McCracken v. Auto. Club of S. California, Inc.*, 891 F.Supp. 559, 561-62 (D. Kan. 1995); 28 U.S.C. § 1391(c).

[71] *Peay*, 205 F.3d at 1209 (internal quotations omitted).

[72] *Id*. at 1210.

4(h)(1) provides that service on a domestic corporation must be made "in a judicial district of the United States … in the matter prescribed by Rule 4(e)(1) for serving an individual[.]"[73] Rule 4(e)(1) states that "[u]nless federal law provides otherwise, an individual … may be served in a judicial district of the United States by … following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]"[74]

> In ERISA cases, federal law provides:
>
> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and *process may be served in any other district where a defendant resides or may be found*.[75]

"There is no question that [this language] authorizes nationwide service of process."[76] "When a federal statute provides for nationwide service of process, it becomes the statutory basis for personal jurisdiction."[77] "Thus, provided that due process is satisfied, [ERISA] confers jurisdiction over defendants by authorizing service of process on them."[78]

### (2) The District of Utah's exercise of jurisdiction over Eskaton in this case comports with due process.

"[T]he personal jurisdiction requirement flows from the Due Process Clause of the Fifth Amendment and restricts judicial power in order to protect the individual's liberty interest."[79] "Thus, the proper focus for a personal jurisdiction test should be on protecting an individual's

---

[73] FED. R. CIV. P. 4(h)(1)(A).

[74] *Id*. at 4(e)(1).

[75] 29 U.S.C. § 1132(e)(2) (emphasis added).

[76] *Peay*, 205 F.3d at 1210.

[77] *Id*. (internal quotations omitted).

[78] *Id*.

[79] *Id*. at 1211.

10

liberty interest in avoiding the burdens of litigating in an unfair or unreasonable forum."[80] "Requiring that the individual defendant in a national service of process case only reside somewhere in the United States does not protect this interest."[81] Accordingly, "in a federal question case where jurisdiction is invoked based on nationwide service of process, [such as cases under ERISA,] the Fifth Amendment requires the plaintiff's choice of forum to be fair and reasonable to the defendant."[82]

"To establish that jurisdiction does not comport with Fifth Amendment due process principles, a defendant must first demonstrate that his liberty interests actually have been infringed."[83] "The burden is on the defendant to show that the exercise of jurisdiction in the chosen forum will make litigation so gravely difficult and inconvenient that he [or she] unfairly is at a severe disadvantage in comparison to his [or her] opponent."[84] The following factors aid in evaluating whether a defendant has met the burden of establishing "constitutionally significant inconvenience":

> (1) the extent of the defendant's contacts with the place where the action was filed; (2) the inconvenience to the defendant of having to defend in a jurisdiction other than that of his [or her] residence or place of business, including (a) the nature and extent and interstate character of the defendant's business, (b) the defendant's access to counsel, and (c) the distance from the defendant to the place where the action was brought; (3) judicial economy; (4) the probable situs of the discovery proceedings and the extent to which the discovery proceedings will take place outside the state of the defendant's residence or place of business; and (5) the nature of the regulated activity in question and the extent of impact that the defendant's activities have beyond the borders of his [or her] state of residence or business.[85]

---

[80] *Id*. (internal quotations omitted).

[81] *Id*. (internal quotations omitted).

[82] *Id*. at 1212.

[83] *Id*. (internal quotations omitted).

[84] *Id* (internal quotations and punctuation omitted).

[85] *Id*.

"[I]t is only in highly unusual cases that inconvenience will rise to a level of constitutional concern."[86] "[I]n this age of instant communication and modern transportation, the burdens of litigating in a distant forum have lessened[.]"[87] However, "[i]f a defendant successfully demonstrates that litigation in the plaintiff's chosen forum is unduly inconvenient, then jurisdiction will comport with due process *only* if the federal interest in litigating the dispute in the chosen forum outweighs the burden imposed on the defendant."[88]

Applying "the broad standard set forth above,"[89] Eskaton cannot show that its liberty interest will be infringed by the District of Utah's exercise of jurisdiction in this case. Eskaton has sufficient contacts with Utah. Eskaton has approved the payment of benefit claims for insureds who have sought treatment in Utah, including a percentage of IHC's charges for the medical treatment and care of Ms. Simplot.[90] Eskaton also communicated with IHC, a Utah corporation, during the administrative appeal process of the claims involved in this case.[91] As such, Eskaton knew or should have known that a dispute over Ms. Simplot's benefits could arise in Utah.[92]

Additionally, any inconvenience to Eskaton in defending this case in Utah does not rise to "the level of constitutional concern."[93] While Eskaton operates retirement communities and provides in-home supportive services in the Greater Sacramento Area,[94] it also sponsors and

---

[86] *Id*. (internal quotations omitted).

[87] *Id*. at 1213 (internal quotations and citations omitted).

[88] *Id*. (internal quotations omitted; emphasis added).

[89] *Id*.

[90] Complaint ¶¶ 1, 14, 19-20.

[91] *Id*. ¶¶ 1, 15, 31; IHC's Opposition at 6.

[92] *Peay*, 205 F.3d at 1213; *see also Brightway Adolescent Hosp. v. Hawaii Mgmt. All. Ass'n.*, 139 F. Supp.2d 1220, 1224 (D. Utah Apr. 25, 2001).

[93] *Peay*, 205 F.3d at 1213.

[94] Pace Declaration ¶ 2.

administers an employee welfare benefit plan that is regulated by federal law.[95] The Plan gives Eskaton's business an interstate character with significant impact beyond the borders of California when the Plan's participants seek medical treatment in states other than California.[96] There is also nothing in the record suggesting that Eskaton lacks resources to access counsel in Utah or that judicial economy considerations make the District of Utah an unfair forum. Further, "modern methods of communication and transportation greatly reduce the significance of [the] physical burden"[97] caused by the distance between California and Utah, and the location of discovery and the convenience of "witnesses are not as important in ERISA [cases] where focus is generally limited to the administrative record[.]"[98]

Therefore, Eskaton has failed to meet its "burden of demonstrating that the … assertion of jurisdiction will make litigation so difficult and inconvenient that [it] will be at a severe disadvantage"[99] as compared to IHC. Because Eskaton has "not shown that the … assertion of jurisdiction will infringe upon [its] liberty interests, [there is no need to] balance the federal interests at stake in this suit."[100] Regardless, however, "[w]here Congress has provided for nationwide service of process, [it is] presume[d] that nationwide personal jurisdiction is necessary to further congressional objectives."[101] Eskaton has failed to rebut this presumption.

Accordingly, the District of Utah has personal jurisdiction over Eskaton because ERISA confers jurisdiction by authorizing nationwide service of process on Eskaton and the exercise of

---

[95] *Id*. ¶ 5; Complaint ¶¶ 7, 12.

[96] *Peay*, 205 F.3d at 1213; *Brightway Adolescent Hosp.*, 139 F.Supp.2d at 1224.

[97] *Peay*, 205 F.3d at 1213.

[98] *Danny P. v. Catholic Health Initiatives*, 2015 WL 164183, *2 (D. Utah Jan. 13, 2015).

[99] *Peay*, 205 F.3d at 1213.

[100] *Id*. at 1214.

[101] *Id*. at 1213 (internal quotations and punctuation omitted).

jurisdiction in this case comports with due process.[102] Because the District of Utah has personal jurisdiction over Eskaton, the third prong of ERISA's venue provision[103] is satisfied for the reason that Eskaton "resides or may be found" in the District of Utah.[104] Therefore, the District of Utah is a proper venue for this case.

### III. The Eastern District of California is a more convenient forum for this case.

While the District of Utah is a proper venue for this case, this does not necessarily mean that the District of Utah is the appropriate forum. Eskaton requests that venue be transferred to the Eastern District of California as a more convenient forum.

Under 28 U.S.C. § 1404(a), the venue of a civil action may be transferred to another district where it might have been brought "[f]or convenience of parties and witnesses, in the interest of justice[.]"[105] There is no dispute that this case could have been brought in the Eastern District of California under any of the three prongs of ERISA's venue provision.[106] The Eastern District of California is where the Plan is administered,[107] where the alleged breaches of ERISA and the Plan occurred,[108] and where Eskaton maintains its principal place of business.[109] Therefore, the Eastern District of California may be a proper venue to transfer this case for convenience and in the interest of justice.

---

[102] *Id.* at 1209.

[103] 29 U.S.C. § 1132(e)(2).

[104] *Peay*, 205 F.3d at 1210 n. 3; *Brightway Adolescent Hosp.*, 139 F.Supp.2d at 1224; *McCracken*, 891 F.Supp. at 561-62.

[105] 28 U.S.C. § 1404(a).

[106] 29 U.S.C. § 1132(e)(2).

[107] *Supra* at 7-8, Discussion II.A.

[108] *Id*. at 8-9, Discussion II.B.

[109] Pace Declaration ¶¶ 2-3.

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient."[110] "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an individualized, case-by-case consideration of convenience and fairness."[111] Among the factors considered are:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.[112]

Among the list of factors for consideration under § 1404(a), only the plaintiff's choice of forum, the accessibility of witnesses and other sources of proof, and other practical considerations are relevant in this case. There is nothing in the record suggesting any variance among the District of Utah and the Eastern District of California regarding the costs of making the necessary proof, the enforceability of any judgment obtained, the relative ability to receive a fair trial, or difficulties from congested dockets. It may be that the Eastern District of California will permit greater enforceability of any judgment IHC obtains against Eskaton because it is the location of Eskaton's headquarters and presumably where Eskaton holds its assets. Additionally, "when a case is transferred under § 1404(a), the transferee court must apply the same law as applicable in the transferor court, irrespective of whether the transfer was sought by the plaintiff

---

[110] *Crysler Credit Corp. v. Country Crysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).

[111] *Id*. at 1516 (internal quotations omitted).

[112] *Id*. (internal quotations omitted).

or defendant."[113] This is a federal question case involving application of federal law. Therefore, "[q]uestions arising in the areas of conflicts of law or local law will not occur in this case."[114]

Generally, "unless the balance is strongly in favor of the [defendant,] the plaintiff's choice of forum should rarely be disturbed."[115] It is also recognized, however, that "the plaintiff's choice of forum has 'less force if the forum has little connection with the operative facts of the lawsuit.'"[116] With regard to IHC's choice of forum, Utah lacks any significant connection with the operative facts of this case other than the fact that it is where Ms. Simplot received treatment from IHC.[117] While Eskaton communicated with IHC during the administrative appeal process of the claims,[118] the Plan was not administered in Utah,[119] Eskaton's decisions about payments were not made in Utah,[120] and the alleged breaches of ERISA and the Plan did not occur in Utah.[121] The fact that IHC is a Utah corporation[122] has little importance to the operative facts of this case, as IHC stands in the shoes of Ms. Simplot as her purported assignee,[123] and Ms. Simplot is a resident of California.[124] The fact that IHC's counsel

---

[113] *Id.* at 1515-16.

[114] *Danny P.*, 2015 WL 164183, *2.

[115] *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992) (internal quotations and punctuation omitted).

[116] *Danny P.*, 2015 WL 164183, *2 (quoting *Island View Residential Treatment Ctr.*, 2009 WL 2614682, *3).

[117] Complaint ¶¶ 1, 14.

[118] *Id*. ¶¶ 15, 31.

[119] *Supra* at 7-8, Discussion II.A.

[120] Pace Declaration ¶¶ 6-7.

[121] *Supra* at 8-9, Discussion II.B.

[122] Complaint ¶ 1; IHC's Opposition at 6.

[123] *Denver Health and Hosp. Auth.*, 546 Fed.Appx. at 745.

[124] Complaint ¶ 3.

is located in Utah is also of no importance, as "the convenience of counsel is irrelevant and should not be considered in evaluating whether transfer is proper under § 1404(a)."[125]

Moreover, IHC misses the mark in its attempt to manufacture a stronger connection to Utah based on its allegation that Eskaton partially denied the claim for Ms. Simplot's medical treatment and care by determining "[t]he charges for the treatment exceeded the usual, customary, and reasonable charges for the treatment at other facilities."[126] IHC's argument ignores the fact that Eskaton's determination and its alleged breaches of ERISA and the Plan occurred in California, not Utah.[127] IHC cites no authority for the proposition that "a geographically based determination of what is usual, customary, and reasonable" may only be made through comparison to the charges for treatment at other Utah facilities, as opposed to a larger geographic area.[128] IHC also fails to elaborate on how the implications from the fact that Ms. Simplot received treatment and care in Utah give Utah a greater connection to the operative facts of this case.[129] Without providing meaningful argument and analysis of these implications, any significant connection to Utah that this case may have is lacking. Therefore, because Utah lacks any significant connection with the operative facts of this case, IHC's choice of forum "is not a controlling factor."[130]

In contrast, the Eastern District of California is the forum with the greatest connection to the operative facts of this case and, under practical consideration of the facts, is the most

---

[125] *David L. v. McGraw-Hill Companies, Inc. Group Health Plan*, 2014 WL 1653197, *2 (D. Utah Apr. 23, 2014) (citing *In re Horseshoe Entm't*, 337 F.3d 429, 434 (5th Cir. 2003)).

[126] Complaint ¶ 21.B.; *see also* IHC's Opposition at 6-7.

[127] *Supra* at 8-9, Discussion II.B; Pace Declaration ¶¶ 6-7.

[128] IHC's Opposition at 6-7.

[129] *Id.*

[130] *Island View Residential Treatment Ctr.*, 2009 WL 2614682, *3.

appropriate forum for this case.[131] The Eastern District of California is where the Plan is administered,[132] where the alleged breaches of ERISA and the Plan occurred,[133] and where Eskaton maintains its principal place of business.[134] Moreover, "although the proper laying of venue is not a factor under § 1404(a), it adds weight to the analysis of transferring 'in the interest of justice.'"[135] The fact that IHC has not argued that the Eastern District of California would be more inconvenient to it also adds weight to transferring this case to the Eastern District of California in the interest of justice.[136]

The accessibility of witnesses and other sources of proof similarly favor transferring this case to the Eastern District of California. "[A]lthough the convenience of the witnesses is not as important an issue in this case because the … review in ERISA cases is generally limited to the administrative record," [137] the most relevant witnesses and documents are located in California, not Utah, because California is where the Plan is administered, where Eskaton is headquartered, and where Eskaton made the decision to partially deny payment for Ms. Simplot's treatment and care.[138] IHC provides only cursory argument, without citation to supporting facts and legal authority, that the District of Utah will better insure the attendance of nonparty witnesses.[139]

Therefore, Eskaton has met its burden of establishing that the District of Utah is an inconvenient forum and that the Eastern District of California is a more convenient forum.

---

[131] *Danny P.*, 2015 WL 164183, *3; *David L.*, 2014 WL 1653197, *2; *Jon N.*, 2008 U.S. Dist. LEXIS 35464.

[132] *Supra* at 7-8, Discussion II.A.

[133] *Id*. at 8-9, Discussion II.B.

[134] Pace Declaration ¶¶ 2-3.

[135] *Danny P.*, 2015 WL 164183, *3 (quoting 28 U.S.C. § 1404(a)).

[136] *David L.*, 2014 WL 1653197, *2.

[137] *Island View Residential Treatment Ctr.*, 2009 WL 2614682, *3.

[138] *Supra* at 7-9, Discussion II.A, B; Pace Declaration ¶¶ 2-3, 6-7.

[139] IHC's Opposition at 6-7.

Accordingly, it is appropriate to transfer the venue of this case to the Eastern District of California.

## ORDER

IT IS HEREBY ORDERED that Eskaton's Motion[140] is GRANTED on its alternative relief of transferring venue.

IT IS FURTHER HEREBY ORDERED that this case is transferred to the Eastern District of California as a more convenient forum.

Signed September 12, 2016.

BY THE COURT

_____
District Judge David Nuffer

---

[140] Docket no. 14, filed Apr. 28, 2016.